UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2008 JUL 31 PM 1:08

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| NEIGHBORHOOD HOUSING SERVICES OF AMERICA, INC., <br><br>Plaintiff,<br><br>v.<br><br>RAINBOW COMMUNITY ORGANIZATION, INC., d/b/a NEIGHBORWORKS HOME & COMMUNITY DEVELOPMENT; NICOLE MANSBERGER f/k/a NICOLE TURNER-RIDLEY; MARY BAILEY; and MARGARET STEINBACHER,<br><br>Defendants. | )<br>)<br>)<br>)  Case No.: 1:08CV0182 RL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Neighborhood Housing Services of America, Inc. ("NHSA"), by counsel, and for its Complaint for Damages against Rainbow Community Organization, Inc., d/b/a Neighborworks Home & Community Development ("Rainbow"), Nicole Mansberger f/k/a Nicole Turner-Ridley ("Turner-Ridley"), Mary Bailey ("Bailey") and Margaret Steinbacher ("Steinbacher") (Rainbow, Turner-Ridley, Bailey and Steinbacher are collectively referred to as "Defendants"), sets forth its allegations as follows:

### PARTIES

1. NHSA is a not-for-profit corporation organized under the laws of the State of California with its principal office located in Oakland, California.

2. Rainbow is a nonprofit corporation organized under the laws of the State of Indiana with its principal office located in Fort Wayne, Indiana. When used in this Complaint, the term "Rainbow" shall be deemed to include all officers, directors, employees and members of Rainbow.

3. Upon information and belief, Turner-Ridley is an individual residing in Allen County, Indiana.

4. Upon information and belief, Bailey is an individual residing in Allen County, Indiana.

5. Upon information and belief, Steinbacher is an individual residing in Allen County, Indiana.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this action occurred in Fort Wayne, Indiana.

## FACTS SUPPORTING ALL COUNTS

8. Rainbow provides mortgage loans to purchase and/or rehabilitate homes to low-income families in the Fort Wayne, Indiana area.

9. At all times relevant to the allegations contained in this Complaint, Turner-Ridley was an employee of Rainbow serving as the Executive Director of Rainbow and maintained direct supervisory control over both Steinbacher and Bailey.

10. At all times relevant to the allegations contained in this Complaint, Bailey was an employee of Rainbow serving as the Business Financial Director of Rainbow and was Steinbacher's direct supervisor.

11. At all times relevant to the allegations contained in this Complaint, Steinbacher was an employee of Rainbow serving as the Account Assistant for Rainbow.

12. On or about June 8, 2005, Rainbow and NHSA entered into the Revised Loan Sale and Servicing Agreement (the "Agreement") whereby NHSA agreed to purchase from Rainbow and Rainbow agreed to sell to NHSA, certain mortgage loans originated by Rainbow (the "Purchased Loans"). A true and accurate copy of the Agreement is attached hereto as Exhibit "A" and incorporated by reference herein.

13. Pursuant to the Agreement, Rainbow was to receive a quarterly fee from NHSA in exchange for retaining servicing responsibilities of the Purchased Loans (the "Fee").

14. As part of Rainbow's responsibilities for servicing the Purchased Loans, Rainbow accepted loan payments from borrowers and forwarded these amounts to NHSA. In addition, when mortgage loans were paid off, Rainbow was required by the Agreement to forward these payoff amounts to NHSA.

15. Between 2001 and 2006, Rainbow, as servicer for the Purchased Loans, accepted several payoffs on Purchased Loans. Instead of forwarding these payoffs to NHSA as required by the Agreement, the Defendants diverted these funds into accounts controlled by Rainbow for use by Rainbow. After misdirecting the funds, Rainbow continued to make the monthly payments on the Purchased Loans to NHSA as though the Purchased Loans had not been paid off.

16.     Rainbow allowed a number Purchased Loans to go into default (the "Defaulted Loans"). The Defendants wrote-off the balances due on the Defaulted Loans.

## COUNT I
## BREACH OF CONTRACT

17.     NHSA incorporates the allegations contained in Paragraphs 1-16 as if fully restated herein.

18.     Rainbow, in Section 201(e) of the Agreement, represents and warrants that all of the Purchased Loans are valid liens on the property they secure and that no part of the mortgaged premises has been released from the mortgages.

19.     By accepting the payoffs and providing releases for the mortgages securing the Purchased Loans while diverting the payoff amounts to itself, the Defendants willfully, intentionally and fraudulently breached the Agreement.

20.     Rainbow, in Section 201(k) of the Agreement, represents and warrants that it has, and will, maintain "accurate records, prepared in accordance with generally accepted accounting principles consistently applied" in regard to all of the Purchased Loans.

21.     By not maintaining accurate records showing the Payoffs, and by concealing the payoffs from NHSA, the Defendants willfully, intentionally and fraudulently breached the Agreement.

22.     Section 401(f) of the Agreement provides that Rainbow will "take any and all actions necessary to protect NHSA's security interest and status" as a first lien-holder on each of the properties securing a Purchased Loan.

23.     By accepting the payoffs of the mortgages securing the Purchased Loans, the Defendants placed NHSA's security interests at risk and compromised NHSA's priority lien-holder position, in violation of Section 401(f) of the Agreement.

24. Section 401(j) of the Agreement provides that Rainbow is responsible for the collection of all payments and all other sums due and owing to NHSA on the Purchased Loans. Rainbow is further required to segregate all such sums from its general fund by placing such amounts in an account for the benefit of NHSA, and is required to maintain accurate records of all payments received.

25. By placing the payoffs in Rainbow's general fund, and not accurately reporting to NHSA that these Purchased Loans had been paid off, the Defendants willfully, intentionally and fraudulently violated the provisions of Section 401(j) of the Agreement.

26. Rainbow, in Section 201(l) of the Agreement, represents and warrants that none of the Purchased Loans are in default.

27. By allowing the Defaulted Loans to be and remain in default, the Defendants breached the Agreement.

28. As a direct and proximate result of the Defendants willful, intentional and fraudulent breaches of the Agreement, NHSA has been damaged.

## COUNT II
## BREACH OF FIDUCIARY DUTY

29. NHSA incorporates the allegations contained in Paragraphs 1-28 of its Complaint as if fully restated herein.

30. At all times relevant to this Complaint, Rainbow was a fiduciary of NHSA in that Rainbow was responsible for servicing the Purchased Loans and represented and warranted to NHSA that it would act in NHSA's best interests in the collecting of amounts due and owing on the Purchased Loans, including the forwarding of the payoffs and regular monthly payments on Purchased Loans. Rainbow was obligated to protect and defend NHSA's interests in the mortgages which secured the Purchased Loans. In this capacity, NHSA relied completely upon

Rainbow's representations and fiduciary duties and had complete confidence and trust in Rainbow.

31. The Defendants failed to ensure that all payments due and owing under the Purchased Loans were forwarded to NHSA and also failed to protect NHSA's interest in the mortgages securing the Purchased Loans by allowing said mortgages to be paid off and/or released without remitting the payoffs to NHSA, and by concealing the payoffs from NHSA.

32. In performing the acts and omissions detailed above, Rainbow breached its fiduciary duties to NHSA.

33. As a direct and proximate result of Rainbow's breach of fiduciary duties, NHSA has been damaged.

## COUNT III
## CIVIL CONVERSION (I.C. § 34-24-3-1, et seq.)

34. NHSA incorporates the allegations contained in Paragraphs 1-33 as if fully restated herein.

35. By retaining the payoff funds from the Purchased Loans, all Defendants exerted control over the property of NHSA, specifically the funds realized from the payoffs of the Purchased Loans.

36. Said control over NHSA's property was not authorized by NHSA and constitutes conversion pursuant to I.C. § 35-43-4-3.

37. As a direct and proximate result of the unauthorized control exercised by all Defendants over the property of NHSA, NHSA suffered a pecuniary loss.

38. Pursuant to I.C § 34-24-3-1, NHSA is entitled to recover from all Defendants, jointly and severally: (a) an amount equal to three (3) times its actual damages; (b) the costs of this action, and; (c) an award of NHSA's reasonable attorney fees incurred in this action.

## COUNT IV
## NEGLIGENCE

39. NHSA incorporates the allegations contained in Paragraphs 1-38 as if fully restated herein.

40. By virtue of its relationship with NHSA, Rainbow had a duty to properly supervise its employees in the administration and servicing of the Purchased Loans, and to ensure that any payoff amounts received by Rainbow were properly applied to the Purchased Loans.

41. Rainbow breached its duty to NHSA by failing to properly supervise its employees and as a direct and proximate result of such failure, employees of Rainbow were able to divert funds to Rainbow that should have been forwarded to NHSA.

42. In failing to properly supervise its employees, Rainbow has acted in a negligent manner and as a direct and proximate result of Rainbow's negligent behavior, NHSA has been damaged.

## COUNT V
## CONSPIRACY

43. NHSA incorporates the allegations contained in Paragraphs 1-42 of its Complaint as if fully restated herein.

44. In her position as Business Financial Director of Rainbow, Bailey was responsible for preparing the financial reports provided by Rainbow to NHSA relating to the Purchased Loans.

45. In her position as Accountant Assistant for Rainbow, Steinbacher prepared such financial reports for review and approval by Bailey.

46. In her position as Executive Director of Rainbow, Turner-Ridley exercised supervisory control over Bailey and Steinbacher.

47. Beginning in 2001 and continuing until approximately December 1, 2006, Turner-Ridley, Bailey, Steinbacher, and Rainbow acted in concert and conspired to misdirect the loan payoffs to be used for the benefit of Rainbow.

48. In furtherance of the conspiracy Turner-Ridley, Bailey, Steinbacher, and Rainbow misdirected the payoffs of the Purchased Loans to a Rainbow general fund and did not accurately report to NHSA that these Purchased Loans had been paid off.

49. In furtherance of the conspiracy Turner-Ridley, Bailey, Steinbacher, and Rainbow provided financial reports to NHSA showing that Rainbow was still servicing the Purchased Loans and that the mortgages were still in effect.

50. In working together to commit fraud on NHSA, Turner-Ridley, Bailey, Steinbacher, and Rainbow conspired to commit fraud on NHSA.

51. As a direct and proximate result of Defendants' conspiracy to commit fraudulent actions and actual fraud, NHSA has been damaged.

## COUNT VI
## FRAUD

52. NHSA incorporates the allegations contained in Paragraphs 1-51 of its Complaint as if fully rewritten herein.

53. Beginning in 2001 and continuing until approximately December 1, 2006, the Defendants provided financial reports to NHSA showing that Rainbow was still servicing the Purchased Loans and that the Mortgages were still in effect.

54. The Defendants made these representations to NHSA with knowledge that, as of the date of each payoff, these representations were false, and intending that NHSA rely on these representations.

55. The Defendants made these representations with the intent that Rainbow would benefit from the use of the lump-sum payoff amounts and with the intent that Rainbow would be able to continue to receive the servicing payments that would otherwise be due to it pursuant to the Agreement.

56. NHSA relied on the representations of the Defendants to its detriment.

57. The Defendants' fraudulent representations to NHSA constituted actual fraud against NHSA.

58. As a direct and proximate result of Defendants' fraudulent actions and actual fraud, NHSA has been damaged.

## COUNT VII
## CONSTRUCTIVE FRAUD

59. NHSA incorporates the allegations contained in Paragraphs 1-58 of its complaint as if fully restated herein.

60. At all times relevant to this Complaint, Defendants owed a duty to NHSA to properly report and remit all sums received by Rainbow in its capacity as servicer of the Purchased Loans.

61. Pursuant to the Agreement, Defendants had a duty to accurately report the outstanding principal amount due and owing on all of the Purchased Loans, as well as any amounts received and to be applied toward all of the Purchased Loans.

62. Pursuant to the Agreement, Defendants had a duty to remit all payoff of the Purchased Loans to NHSA.

63. Unbeknownst to NHSA several Purchased Loans were paid off to Rainbow.

64. Following the payoff of the Purchased Loans, Defendants, with intent to defraud NHSA, did deposit the proceeds of the Purchased Loans into Rainbow's general account and not to NHSA.

65. Following the payoff of the Purchased Loans, Defendants, with intent to defraud NHSA, did continue to report that the paid off Purchased Loans were still outstanding, and did continue to forward "regular" monthly payments to NHSA, representing such payments as being applicable to such Purchased Loans.

66. Following the payoff of the Purchased Loans, Defendants, with intent to defraud NHSA, did continue to receive payments from NHSA for the servicing of the Purchased Loans, even though Rainbow was not entitled to such compensation.

67. Defendants, in continuing to make monthly payments to NHSA and reporting to NHSA that all of the Purchased Loans were still in effect, knew that such statements were, in fact, false at the time that they were made by Defendants.

68. Based on the relationship between Defendants and NHSA, NHSA acted reasonably in relying on such representations.

69. In making such fraudulent representations to NHSA, Defendants obtained the benefit of the payoffs as well as continuing to receive payments for Rainbow's servicing of the loans at the expense and to the detriment of NHSA.

70. As a direct and proximate result of Defendants' fraudulent actions, NHSA has been damaged.

WHEREFORE, Plaintiff, Neighborhood Housing Services of America, Inc. prays that the Court enter judgment in its favor and against Defendants, Rainbow Community Organization,

Inc., d/b/a Neighborworks Home & Community Development, Nicole Mansberger f/k/a Nicole Turner-Ridley, Mary Bailey and Margaret Steinbacher as follows:

- A. Against Defendant Rainbow on Counts I (breach of contract), II (breach of fiduciary duty) and IV (negligence) in an amount to be determined at trial;

- B. Against all Defendants on Counts III (civil conversion), V (conspiracy), VI (fraud), and VII (constructive fraud), in an amount to be determined at trial;

- C. Punitive damages against all Defendants in an amount to be determined at trial;

- D. Treble damages pursuant to I.C. § 34-24-3-1(1);

- E. The costs of this action pursuant to I.C. § 34-24-3-1(2)

- F. An award of NHSA's reasonable attorney fees incurred in this matter pursuant to I.C.§ 34-24-3-1(3); and

- G. All other relief that this Court may deem to be just and proper.

Respectfully Submitted,

LEWIS WAGNER, LLP

By: _/s/ Dina M. Cox_

Dina M. Cox (#18590-49)
Attorneys for Plaintiff Neighborhood
Housing Services of America, Inc.

**LEWIS WAGNER, LLP**
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
Tel: (317) 237-0500
Fax: (317) 630-2790

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38 of the Federal Rule of Civil Procedure, a trial by jury as to all issues triable thereby.

By: _____
DINA M. COX (#18590-49)
Attorneys for Plaintiff Neighborhood
Housing Services of America, Inc.