# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NEIGHBORHOOD HOUSING SERVICES OF AMERICA, INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO. 1:08-CV-182 |
| RAINBOW COMMUNITY ORGANIZATION, ) INC., d/b/a NEIGHBORWORKS HOME & ) COMMUNITY DEVELOPMENT, et al., ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case was filed by Plaintiff Neighborhood Housing Services of America, Inc. ("NHSA"), based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) NHSA states in its Complaint that it is a not-for-profit California corporation with its principal office in California, and that Defendant Rainbow Community Organization, Inc., d/b/a Neighborworks Home & Community Development is a not-for-profit Indiana corporation with its principal office located in Indiana. (Compl. ¶¶1-2.) NHSA further states in the Complaint that upon its "information and belief," individual Defendants Nicole Mansberger f/k/a Nicole Turner-Ridley, Mary Bailey, and Margaret Steinbacher are all "individual[s] residing in Allen County, Indiana." (Compl. ¶¶ 3-5.)

NHSA's Complaint is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

*Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised of each individual Defendant's citizenship, not residency.

Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc.*, 980 F.2d at 1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

Therefore, NHSA is ORDERED to file an Amended Complaint forthwith, properly articulating the citizenship of each party. SO ORDERED.

Enter for this 25th day of August, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
